107 F.3d 756
 97 Cal. Daily Op. Serv. 1229, 97 Cal. Daily
Op. Serv. 2776,
97 Daily Journal D.A.R. 1821
Arthur CALDERON, Warden, California State Prison at San
Quentin; Daniel E. Lungren, Attorney General of
the State of California, Petitioners,
v.
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
CALIFORNIA, Respondent,
Patrick Bruce Gordon, Real Party in Interest.
 No. 94-70565.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 18, 1996.
Decided Feb. 21, 1997.
As Amended on Denial of Rehearing
and Rehearing En Banc
April 16, 1997.*
 
 Ward A. Campbell, Deputy Attorney General and William G. Prahl, Deputy Attorney General, Sacramento, California, for petitioners.
 James R. Kirby II, Segal & Kirby, Sacramento, California, for real party in interest.
 Petition for Writ of Mandamus to the United States District Court for the Eastern District of California. D.C. No. CV-91-882-LKK.
 Before: WIGGINS, NOONAN, and O'SCANNLAIN, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 OVERVIEW
 
 1
 Arthur Calderon, warden of the California State Prison at San Quentin, and Daniel Lungren, attorney general of California, (hereinafter "the State") petition for writ of mandamus and move to stay the district court's orders relating to the availability of investigative and expert funds under the Anti-Drug Abuse Act of 1988, 21 U.S.C. § 848(q)(9), for death row inmate Patrick Bruce Gordon, the real party in interest. The State requests that we exercise our supervisory mandamus authority to prohibit the district court from approving federal funds for Gordon under section 848(q)(9), where the funds would be used to investigate unexhausted claims that must be pursued in state court before they may be included in the federal habeas petition. We have jurisdiction under 28 U.S.C. § 1651.
 
 
 2
 We hold that the district court could properly consider a request for funds under 21 U.S.C. § 848(q)(9) even though no habeas petition was pending after November 15, 1994. Because the district court properly dismissed the mixed habeas petition on November 15, we find moot the State's contention that the earlier stay of the habeas proceedings precluded the district court from considering the defendant's request for section 848(q) fees. We therefore decline to issue the writ of mandamus.[1] Accordingly, we deny the State's emergency motion to stay the district court's June 27, July 25, and November 15, 1994, orders, and the State's Requests for Judicial Notice and for Leave to File Supplemental Exhibit and Pleading to Reply Brief.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 We begin with a detailed discussion of the facts and complicated procedural history of this case. On March 13, 1985, Patrick Bruce Gordon, the real party in interest, was sentenced to death by a California court upon his conviction for conspiracy, first degree murder, and robbery in conjunction with a special circumstance.[2] The California Supreme Court affirmed Gordon's conviction and sentence, and the United States Supreme Court denied Gordon's petition for writ of certiorari. People v. Gordon, 50 Cal.3d 1223, 270 Cal.Rptr. 451, 792 P.2d 251 (1990), cert. denied, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991).
 
 
 4
 Gordon did not file a habeas petition in state court. Instead, he filed a skeletal petition for habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California.[3] His execution was stayed and counsel was appointed for him. The matter was referred to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On October 23, 1992, Gordon filed an amended habeas petition containing over eighty claims which challenged both his conviction and death sentence. Approximately sixty of those claims were unexhausted claims. Thereafter, Gordon's counsel moved for investigative and expert funds under 21 U.S.C. § 848(q)(9), which authorizes the district court to fund such services for indigent capital defendants. Because the amended habeas petition contained unexhausted claims, the magistrate judge denied the funding request and the district court stayed the federal habeas proceeding, pursuant to the Eastern District's Local Rule 191(h)(5), to allow Gordon to exhaust his state remedies.
 
 
 5
 Gordon's federally-appointed counsel applied to the California Supreme Court for appointment to pursue Gordon's state remedies. The state court appointed counsel, but denied Gordon's request for investigative and expert funds. Gordon reapplied to the federal district court for investigative and expert funds. The magistrate judge denied the request because the federal habeas proceeding was stayed. On July 29, 1993, the district court issued an order requiring Gordon and the State to file briefs addressing (1) whether section 848(q)(9) requires the federal district court to authorize funds for investigative services even though the case has been remanded to state court for exhaustion; (2) whether the state court has a due process duty to provide adequate investigative funds; and (3) whether the federal district court has the power to stay an execution until the state provides the funds. Thereafter, on June 27, 1994, the district court issued (1) an order striking the State's brief regarding the applicability of section 848(q)(9) to Gordon's habeas action because section 848(q)(9) required that requests for funds should be conducted on an ex parte basis; and (2) a separate sealed order holding that the district court had jurisdiction to consider Gordon's funding request despite the stay of the federal action.
 
 
 6
 On the State's motion for a recommendation that the district court certify for interlocutory appeal the June 27 orders, the magistrate judge recommended, inter alia, that the district court vacate the unsealed June 27 order[4] and unseal the sealed June 27 order. The district court adopted the magistrate judge's recommendations in a published opinion. See Gordon v. Vasquez, 859 F.Supp. 413 (E.D.Cal.1994) (hereinafter "July 25 order"). The district court held that section 848(q)(9) mandates the authorization of investigative funds upon a finding that a request is "reasonably necessary" for the representation of a federal death penalty habeas petitioner, notwithstanding the fact that the funds would be used for investigating unexhausted claims. Id. at 417.
 
 
 7
 In September 1994, the State filed a petition for writ of mandamus, seeking to compel the respondent district court to vacate the June 27 and July 25 orders. The State challenged the use of federal funds, authorized under section 848(q)(9), to pursue state remedies on unexhausted claims. In addition, the State challenged the district court's jurisdiction to authorize investigative funds while the federal proceeding was stayed.
 
 
 8
 Two months later, on November 15, 1994, the district court issued an unpublished order that changed the procedural posture of this case by (1) vacating the stay of the federal proceeding; (2) striking without prejudice Gordon's amended habeas petition; and (3) allowing Gordon to file another amended habeas petition. In effect, the district court returned the case back to its procedural posture before Gordon had alleged his unexhausted claims. The November 15 order also allowed Gordon to present a new request for investigative funds within thirty days of the order. On December 9, 1994, Gordon filed under seal an ex parte application for investigative funds. On July 24, 1996, the district court issued an amended order denying Gordon's application.[5]
 
 
 9
 In response to the district court's November 15 order, the State filed an amended petition for writ of mandamus on November 30, 1994. The amended petition requests this court to stay the district court's November 15 order pending resolution of this matter in addition to vacating the June 27 and July 25 orders named in the original petition for writ of mandamus. According to the State, the November 15 order condoned the use of section 848(q)(9) funds to investigate unexhausted potential claims, at least insofar as reasonably necessary to determine whether there was enough factual support for a claim to warrant bringing it before state court, or to determine whether the factual support was so thin that the attorney might omit it entirely from the federal petition. The State argues that the November 15 order allows the prisoner to seek federal funds to develop claims that would otherwise necessarily be presented to the state court first, thereby creating an incentive for prisoners to start the habeas process in federal court before exhausting their claims in state court to obtain access to federal investigative funds. On December 13, 1994, the State filed an emergency motion to stay all three district court orders.
 
 
 10
 The State contends in its petitions for writ of mandamus and emergency motion that section 848(q) does not authorize the use of federal funds to pursue state remedies on unexhausted claims. The State believes that the authorization of federal funds for such use is illegal and, therefore, seeks a writ of mandamus to prevent this occurrence.
 
 DISCUSSION
 
 11
 We have jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to review the district court's orders because this case presents a "question of law of major importance to the administration of the district courts." In re Cement Antitrust Litig., 688 F.2d 1297, 1307 (9th Cir.1982) ("[T]he purpose of our review ... is to provide necessary guidance to the district courts and to assist them in their efforts to ensure that the judicial system operates in an orderly and efficient manner."), judgment aff'd. sub nom. by an equally divided Court, Arizona v. United States Dist. Court, 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).
 
 
 12
 The State challenges the district court's determination that 21 U.S.C. § 848(q)(9)[6] provides investigative fees to a habeas petitioner even after the habeas petition is stayed to enable the petitioner to exhaust his state claims. Although the State expressly asserts that it challenges only the district court's actions after the stay of the federal action, and does not challenge the stay of the federal proceeding,[7] the State nonetheless appears to argue that the district court erred in staying rather than dismissing the federal action upon the filing of the amended habeas petition. For that reason, and because of certain language in the district court's published July 25 order, we address this argument as well.
 
 
 13
 We first hold that the district court erroneously stated in its July 25 order that dismissal of mixed habeas petitions, as required by Rose v. Lundy, 455 U.S. 509, 513-520, 102 S.Ct. 1198, 1200-1204, 71 L.Ed.2d 379 (1982), "is not the rule in the Ninth Circuit." Because Gordon's amended habeas corpus petition undisputedly contained unexhausted state claims, dismissal of the federal petition was required. See Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citing Rose, 455 U.S. at 513-520, 102 S.Ct. at 1200-1204); see also James v. Borg, 24 F.3d 20, 24 (9th Cir.) ("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim."), cert. denied, 513 U.S. 935, 115 S.Ct. 333, 130 L.Ed.2d 291 (1994).[8]
 
 
 14
 The district court reached its erroneous conclusion by relying on our opinion in Neuschafer v. Whitley, 860 F.2d 1470 (9th Cir.1988), cert. denied, 493 U.S. 906, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989), as support for staying the federal habeas action instead of dismissing the petition pursuant to Rose. Gordon, 859 F.Supp. at 417. Specifically, it relied on the following passage from Neuschafer:
 
 
 15
 When a petitioner has not exhausted his state remedies before filing a federal habeas petition, a district court may hold the federal petition in abeyance, issue a stay of execution, and allow the petitioner an opportunity to exhaust his state remedies.
 
 
 16
 Id. (quoting Neuschafer, 860 F.2d at 1472 n. 1). In Neuschafer, we determined under what circumstance a successive habeas petition constitutes an abuse of the writ. 860 F.2d at 1474.
 
 
 17
 Unlike Rose, Neuschafer did not involve a mixed habeas petition. Neuschafer addressed when a federal habeas action must be completed in one proceeding, finding specifically that the failure to raise in a prior petition an unexhausted claim because it would be barred by Rose precludes a finding that the prisoner deliberately withheld that claim from his first petition and thereby abused the writ by raising that claim in a second habeas petition once the claim has been exhausted. Id. (citing Tannehill v. Fitzharris, 451 F.2d 1322, 1324 (9th Cir.1971)).[9] Rose, in contrast, focused on protecting the state courts' role in enforcement of federal law and preventing disruption of state judicial proceedings. Rose, 455 U.S. at 518, 102 S.Ct. at 1203.[10]
 
 
 18
 The district court effectively corrected this error in its November 15 order when it dismissed Gordon's habeas petition without prejudice. Because the district court vacated the stay on the habeas petition and dismissed it, the State presently cannot object that the stay precluded the district court from entertaining a request for fees under section 848(q)(9). To ensure the situation will not recur, we feel compelled to state explicitly the error in the July 25 order. This need arises because the district court did not vacate that part of the order, but rather it simply acted without regard to its previous conclusion that the stay of a mixed petition was permissible. Accordingly, we vacate that part (II.B) of the July 25 order discussing Rose.
 
 
 19
 Despite our conclusion that the filing of a mixed habeas petition required dismissal, we do not believe that the petition for mandamus should be granted. "Mandamus is a drastic remedy that should be invoked only in extraordinary circumstances." Armster, 792 F.2d at 1431 (citation omitted). We do not find that the district court's stay warrants issuance of the writ. We are confident that the district court will act consistently with this opinion, as indeed it has since it issued the November 15 order.
 
 
 20
 We further hold that the State lacks standing to challenge the fees request under section 848(q)(9). The district court must determine whether fees are appropriate in an ex parte proceeding.[11] The general rule is well-settled that persons who are not parties before the district court may not appeal that court's order or judgment except in extraordinary circumstances. In re Proceedings Before Fed. Grand Jury, 643 F.2d 641, 643 (9th Cir.1981) (dismissing appeal for lack of standing). While an appeal by a state may be the only avenue to review an award of section 848(q) fees, cf. Bank of Am. v. M/V Exec., 797 F.2d 772 (9th Cir.1986) (noting equity favors hearing appeal from only party who could object to issue), section 848(q)(9) contemplated that no party but the prisoner would participate in the ex parte proceeding. Thus, the State has no standing to petition this court to preclude the district court from considering a § 848(q) fee request in an ex parte proceeding.
 
 
 21
 Moreover, we are not required to order sua sponte that the district court must deny the section 848(q)(9) fees request simply because we uphold the district court's dismissal of the mixed petition without prejudice. Under McFarland v. Scott, 512 U.S. 849, 854-56, 114 S.Ct. 2568, 2572 (1994), the district court may consider a section 848(q) fees request even when a habeas petition is not presently pending before the federal courts. This request is authorized in "any post conviction proceeding" under the federal habeas corpus statutes, to be considered in accordance with section 848(q)(5)-(9). 21 U.S.C. § 848(q)(4)(B). The Court held that a "post conviction proceeding" within the meaning of section 848(q)(4)(B) begins upon the filing of the defendant's motion requesting assistance of counsel for his federal habeas proceeding. Id. at 854-58, 114 S.Ct. at 2572-73. The district court may thus consider whether granting a fees request will assist the defendant in preparing for his federal habeas efforts. The district court is not required to grant the application, however. See Sterling v. Scott, 57 F.3d 451, 457-58 (5th Cir.1995) (affirming decision that section 848(q)(9) fees request did not survive dismissal of mixed petition), cert. denied, --- U.S. ----, 116 S.Ct. 715, 133 L.Ed.2d 669 (1996).
 
 CONCLUSION
 
 22
 For the foregoing reasons, we DENY the amended petition for writ of mandamus. We DENY the State's Requests for Judicial Notice and for Leave to File Supplemental Exhibit and Pleading to Reply Brief and deny the State's emergency motion to stay the district court's June 27, July 25, and November 15, 1994, orders.
 
 
 
 *
 Judges Wiggins and Noonan recommend rejection of the suggestion for rehearing en banc and Judge O'Scannlain votes to reject the suggestion for rehearing en banc
 
 
 [1]
 See Armster v. United States Dist. Court., 792 F.2d 1423, 1425 (9th Cir.1986) (court may accept mandamus jurisdiction, but deny the petition for writ in exercising its supervisory mandamus authority)
 
 
 [2]
 Gordon was sentenced to death for the first-degree murder of an armored car courier during a robbery of a store in Stockton, California on December 19, 1983. He drove the getaway car during commission of the robbery and murder
 
 
 [3]
 In his two-page petition, Gordon states only that he is being held in violation of his constitutional rights and requests that the court (1) appoint counsel for him and (2) allow him to file an amended habeas petition after he obtains assistance of counsel
 
 
 [4]
 The magistrate judge concluded that while the amount and use of § 848(q)(9) funds must be considered on an ex parte basis, the fact that § 848(q)(9) funds are sought and a determination relative to such a request need not be held in confidence
 
 
 [5]
 The order superceded its July 11, 1996, order addressing the same issue
 
 
 [6]
 Section 848(q)(9) provides in pertinent part:
 Upon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or sentence, the court shall authorize the defendant's attorneys to obtain such services on behalf of the defendant and shall order the payment of fees and expenses therefore.
 21 U.S.C. § 848(q)(9).
 
 
 [7]
 The State writes in the original petition for writ of mandamus that it is "not even challenging the stay of the proceedings. Rather, [the State] herein challenges only the respondent court's opinion that by issuing this stay of proceedings that the federal court also has jurisdiction to issue other orders including granting investigative fee requests."
 
 
 [8]
 The presence of unexhausted claims is not, however, a jurisdictional bar for appellate review of the habeas petition. See Granberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671, 1673-1674, 95 L.Ed.2d 119 (1987) ("[F]ailure to exhaust state remedies does not deprive an appellate court of jurisdiction to consider the merits of a habeas corpus application" where state failed to raise exhaustion defense in the district court) (citations omitted); see also Acosta-Huerta v. Estelle, 7 F.3d 139, 143 (9th Cir.1993) (denying unexhausted claim that did not arise from federal law to reach the merits of petitioner's Sixth Amendment claim)
 
 
 [9]
 Subsequently, the Supreme Court's decision in McCleskey v. Zant, held that the abuse of the writ is not limited to deliberate abandonment, but also includes instances of inexcusable neglect. McCleskey v. Zant, 499 U.S. 467, 489-490, 111 S.Ct. 1454, 1467-1468, 113 L.Ed.2d 517 (1991). We need not address here what effect McCleskey has on Neuschafer because Neuschafer is in any event not relevant to the facts in this case
 
 
 [10]
 It is important to distinguish that we are not dealing with the situation where there is a habeas petition filed and the prisoner then merely contemplates amending the habeas petition by adding unexhausted claims. Cf. Fetterly, 997 F.2d at 1302 (affirming stay of federal action to allow habeas petitioner to exhaust claims in state court prior to amending federal habeas petition)
 
 
 [11]
 The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, amends § 848(q)(9) so that the proceeding is not ex parte. We have held that the AEDPA's amendments to Chapter 153 of Title 28 of the United States Code do not apply to cases filed in federal court before the Act became effective on April 24, 1996. Jeffries v. Wood, 103 F.3d 827, 827 (9th Cir.1996) (en banc). Similarly, we believe that the amendment to section 848(q)(9) does not apply to section 848(q)(9) fees requests filed before that date. To hold otherwise would be to create retroactively a new right of a State: standing to challenge federal fees awards to certain state prisoners; it would also impermissibly impair a right Gordon had when he "acted," making the fee request: to avoid state interference with or knowledge of the details of his request. Cf. Landgraf v. USI Film Products, 511 U.S. 244, 275 n. 29 & 280-83, 114 S.Ct. 1483, 1502 n. 29 & 1505-06 (1994) (noting that new rule should not retroactively impact parties' rights)