145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willy Carl LYONS, Petitioner-Appellant,
v.
Theo WHITE, Warden, Respondent-Appellee.
 No. 97-15236.
D.C. No. CV-96-00784-GEB.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Garland E. Burrell, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willy Carl Lyons, a California state prisoner, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We vacate and remand.
 
 
 3
 At the time Lyons filed his petition in district court, he had not presented all of his claims to the California Supreme Court. Thus, the district court properly dismissed his petition on exhaustion grounds. See Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (before bringing any claim to federal court, state remedies must be exhausted); Calderon v. U.S. Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir.1997) (mixed petitions may not be held in abeyance but must be dismissed); cf. Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir.1993) (abuse of discretion not to hold capital petition in abeyance pending exhaustion of state remedies).
 
 
 4
 While Lyons's appeal was pending, however, the California Supreme Court denied Lyon's "unexhausted" claims, citing In re Lindley, 29 Cal.2d 709, 723, 177 P.2d 918 (1947), In re Miller, 17 Cal.2d 734, 735, 112 P.2d 10 (1941), In re Waltreus, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), and In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). See In re Lyons, No. S059850 (Cal. May 28, 1997). The State argues that this court may not consider the California Supreme Court's order of May 28, 1997 because that order is not part of the record. We disagree. See Fed.R.Evid. 201 (West 1997) (federal courts may take judicial notice of adjudicative facts, and must do so when requested by a party).
 
 
 5
 The State contends in any event that: (1) the district court's judgment should be affirmed because it was correct at the time it was rendered; and (2) whether or not the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year statute of limitations would bar Lyons from filing a new federal petition is irrelevant to this appeal.
 
 
 6
 It was established, long before the AEDPA was passed, that even if state remedies were not exhausted at the time the petition was filed, exhaustion is satisfied if state remedies are exhausted while an appeal is pending. See Sharpe v. Buchanan, 317 U.S. 238, 239, 63 S.Ct. 245, 87 L.Ed. 238 (1942) (remanding for further proceedings after state supreme court ruled while petition for certiorari pending); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344-45 (9th Cir.1984) (concluding that exhaustion was satisfied after state supreme court ruled while appeal was pending). Accordingly, we remand for further proceedings. See Sharpe, 317 U.S. at 239.
 
 
 7
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3