Douglas JAMES, Petitioner–Appellant,

v.

Sheryl PLILER;* Daniel E. Lungren, Attorney General, Respondents–Appellees.

No. 98–56751.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2000.

Filed Oct. 29, 2001.

* Sheryl Pliler is substituted for her predecessor, R.A. Giles, as Warden.

Verna Wefald, Pasadena, California, for the petitioner-appellant.

Douglas L. Wilson, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

Before: CANBY, and W. FLETCHER, Circuit Judges, and SEDWICK,** District Judge.

## OPINION

CANBY, Circuit Judge:

The question presented by this appeal is whether a district court, presented with a petition for habeas review that includes exhausted and unexhausted claims, must explain to a pro se petitioner that he can amend the petition by deleting the unexhausted claims and proceed with only those that have been exhausted, rather than suffering dismissal of the entire petition without prejudice. As foreshadowed by our prior decision in this case, *James v. Giles*, 221 F.3d 1074 (9th Cir.2000) ("*James I* "), we conclude that the court must advise the petitioner of the right to amend the petition.[1]

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

1. In *James I*, we remanded to the district court for the limited purpose of determining whether James should be granted an extension of time that would render his appeal timely. The district court granted the extension, and the case is now back before us.

### Factual and Procedural Background

Douglas James is a state prisoner serving three consecutive life sentences for kidnaping and robbery. He filed a petition for federal habeas review on the day before the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA) ran out. *See* 28 U.S.C. § 2244(d)(1). The district court dismissed his pro se petition because it contained both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Prior to dismissing, the court did not advise James of his right to amend the petition by deleting his unexhausted claims. Although the court dismissed the petition without prejudice, James was apparently time-barred from deleting the unexhausted claims and resubmitting his petition for habeas review of the exhausted claim.[2]

### Discussion

■ We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's dismissal of the habeas corpus petition on procedural grounds. *Hunter v. Aispuro*, 982 F.2d 344, 346 (9th Cir.1992).

■ In *Rose*, the Supreme Court held that a federal court cannot entertain a mixed petition—a petition that includes both exhausted and unexhausted claims—for habeas review.[3] *Rose*, 455 U.S. at 510, 102 S.Ct. 1198. At the same time, the Court explained that a prisoner filing a

2. More details of the factual and procedural background of this case can be found at *James v. Giles*, 221 F.3d 1074, 1075–76 (9th Cir.2000).

3. AEDPA now provides that a petition for habeas corpus may be *denied* on the merits despite the failure to exhaust. 28 U.S.C. § 2254(b)(2). The district court did not purport to exercise this option in James' case.

habeas petition would have "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* There is no question that James had a right to amend his petition by deleting the unexhausted claims, and to proceed with his exhausted claim. However, because the district court dismissed James' petition at the same time that it explained the deficiency in the petition and failed to tell him that he could amend the petition, he did not have an opportunity to amend and proceed with the exhausted claim. *See Ferdik v. Bonzelet,* 963 F.2d 1258 (9th Cir.1992); *Noll v. Carlson,* 809 F.2d 1446 (9th Cir.1987).

■ In *Ferdik* and *Noll,* we recognized that a pro se litigant who files a civil rights complaint *in forma pauperis* is entitled to certain procedural protections. *Ferdik,* 963 F.2d at 1261; *Noll,* 809 F.2d at 1448. In particular, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik,* 963 F.2d at 1261.

■ The reasoning for the rule in *Ferdik* and *Noll* applies to habeas cases, just as it does to other civil cases. This court has held that leave to amend, though within the discretion of the trial court, should be guided by the underlying purpose of Rule 15(a) of the Federal Rules of Civil Procedure, which was to facilitate decisions on merits, rather than on technicalities or pleadings. *United States v. Webb,* 655 F.2d 977, 979–80 (9th Cir.1981). Both *Ferdik* and *Noll* relied on this understanding of Rule 15(a). *See Ferdik,* 963 F.2d at 1261; *see Noll,* 809 F.2d at 1448. Rule 15(a) applies to habeas petitions "with the same force that it applies to garden-variety civil cases." *Calderon v. United States Dist. Ct. (Taylor),* 134 F.3d 981, 986 n. 6

(9th Cir.), *cert. denied,* 525 U.S. 920, 119 S.Ct. 274, 142 L.Ed.2d 226 (1998) [hereinafter *Taylor* ].

The State contends that its motions to dismiss for failure to exhaust provided James with the necessary notice of deficiencies in his petition prior to the dismissal. As explained in our prior opinion in this case, such a notice is insufficient, because *Ferdik* and *Noll* place the burden of advising the pro se litigant of the right to amend squarely on the court. *See James I,* 221 F.3d at 1078.

This rule takes on a special urgency in the habeas review context. Under AEDPA, state prisoners have only one year from the date their convictions become final to file a petition for federal habeas review. 28 U.S.C. § 2244(d)(1)(A). To dismiss a petition for curable deficiencies may, therefore, preclude a petitioner from obtaining federal habeas review altogether, even where the dismissal was without prejudice. This is precisely what occurred here. In light of the severity of such a dismissal, and the preference for decisions on the merits rather than on procedural grounds, district courts must advise pro se habeas petitioners of their right to strike unexhausted claims. *See, e.g., Tillema v. Long,* 253 F.3d 494 (9th Cir.2001). Therefore, the district court erred in dismissing James' petition without providing him with a meaningful opportunity to amend.

James also contends that the district court abused its discretion by failing to consider *sua sponte* the alternative of holding the exhausted claim in abeyance while James attempted to exhaust his unexhausted claims. In *Taylor,* we held that a district court may, in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to amend the

stayed petition to add the now-exhausted claims. *Taylor*, 134 F.3d at 988; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).[4] Because the court dismissed James' petition outright, rather than providing him with the opportunity to amend, there was no time at which the district court had a petition for review properly in front of it. On remand, assuming James decides to amend his petition by deleting the unexhausted claims, the court will, for the first time, have before it a petition that it may consider, as it will contain only the exhausted claim. At that time, the court may exercise its discretion in determining whether to grant James a stay while he attempts to exhaust the unexhausted claims.

Similarly, we do not consider whether the court erred in denying the unexhausted claims on the merits, as they have not yet been properly before the court.

### Conclusion

Because the court failed to provide James with an opportunity to amend his petition by deleting the unexhausted claims and explaining this possibility to him, we remand for further proceedings consistent with this opinion.

REVERSED IN PART AND REMANDED.

---

4. Two concurring Justices of the Supreme Court have opined that the option remains open of staying a federal habeas proceeding while the petitioner exhausts his unexhausted claims in state court. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129–30, 150 L.Ed.2d 251 (concurring opinions of Justices Stevens and Souter). The majority opinion in the same case, which held that the tolling provision of § 2254(d)(2) did not toll the time during which a previous federal habeas corpus proceeding was pending, did not address the availability of the stay option.