**Stephen Eyre BALDOCCHI, Petitioner–Appellant,**

v.

**C.A. TERHUNE, Director, Respondent–Appellee.**

**No. 00–16638.**

**D.C. No. CV–98–01009–CRB.**

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**612**

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1.  We decline to consider the remaining issues raised in Baldocchi's brief because they fall

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

Stephen Eyre Baldocchi appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his guilty plea conviction and sentence for one count of felony driving under the influence of alcohol. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We granted a certificate of appealability on the sole issue of whether the district court abused its discretion when it refused to stay federal proceedings while Baldocchi exhausted his state remedies.[1] We review this issue for an abuse of discretion. *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir.2001).

When a petitioner files a § 2254 petition containing both exhausted and unexhausted claims, the district court must provide the petitioner with the choice of either 1) returning to state court to exhaust any unexhausted claims, or 2) amending the petition to proceed with only the exhausted claims. *Calderon v. United States District Court for the Northern District of California*, 134 F.3d 981, 984–85 (9th Cir.1998) (*Taylor*).

Because Baldocchi's § 2254 petition contained exhausted and unexhausted claims, the district court, not once, but three times provided Baldocchi with the opportunity to return to state court to exhaust his unexhausted claims, or proceed with his only exhausted claim. However, instead of choosing either option, Baldocchi insisted

outside the scope of the certificate of appealability. *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam), *cert. denied,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000). We also deny Baldocchi's third motion for broader certification or modification of the certificate of appealability.

on the district court allowing him to amend his petition by deleting his unexhausted claims, and hold the petition in abeyance pending their exhaustion in state court. *See James*, 269 F.3d at 1126.

Although the district court has the discretion to hold Baldocchi's petition in abeyance pending exhaustion of any claims in state court, Baldocchi failed to provide the district court and us with any justifiable reason why the district court should have exercised its discretion to employ the withdrawal-and-abeyance procedure. Accordingly, the district court did not abuse its discretion by not doing so. *Greenwalt v. Stewart*, 105 F.3d 1268, 1273–1276 (9th Cir.1997) (finding that district court did not abuse its discretion for not staying petitioner's § 2254 petition while he exhausted his claims).

AFFIRMED.