**Darren Charles WILLIAMS,**
**Petitioner–Appellant,**

**v.**

**Cheryl PLILER, Respondent–Appellee.**

**No. 00–56863.**

**D.C. No. CV–99–01708–GAF (JWJ).**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Jan. 7, 2002.

\* Honorable Myron H. Bright, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

Before BRIGHT,\* KOZINSKI, and W. FLETCHER, Circuit Judges.

MEMORANDUM \*\*

Petitioner Darren Charles Williams appeals the district court's dismissal of his federal petition for writ of habeas corpus for failure to exhaust state remedies. Because the district court did not give Petitioner an opportunity to file an amended petition omitting unexhausted claims after overruling Petitioner's objection to the Magistrate Judge's Report and Recommendation ("Report"), we reverse.

The Report, filed April 25, 2000, found that Petitioner's petition contained both exhausted and unexhausted claims. The Report stated that the "mixed" petition must be dismissed, but indicated that "[i]f Petitioner desires to proceed on the exhausted claims presented in the instant First Amended Petition, petitioner may file a Second Amended Petition no later than the end of the period in which objections to this Report and Recommendation must be filed."

On May 8, 2000, Petitioner objected, not to the substance of the Report, but to the method by which the Magistrate Judge was requiring him to proceed. Petitioner wanted to have the district court simply strike the unexhausted claims from his existing petition without requiring him to refile a new petition. On May 18, 2000, the district court overruled Petitioner's objection, adopting the Report and dismiss-

ing the petition without prejudice. It is not clear whether a new petition can be timely filed.

Although the district court might not have erred in denying Petitioner's objection, it erred in dismissing his petition simultaneously with its ruling. By the time the district court overruled Petitioner's objection, the original deadline for filing the amended petition had passed.

A petitioner should be permitted to raise an objection without forfeiting his right to amend "mixed" petitions pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Under the Report, the deadline for resubmitting the petition coincided with the deadline for any objections. Thus, to preserve his right to amend, Petitioner would have had to file the amended petition according to the Report's requirements while awaiting the district court's ruling on his objection that the procedure prescribed by the Magistrate Judge was too burdensome. Such a result is not sensible.

We REVERSE and REMAND to the district court to give Petitioner an opportunity to amend his petition. On remand, if Petitioner amends his petition consistent with the Report's requirements, the court may exercise its discretion in determining whether to grant Petitioner his requested stay and hold the amended, fully exhausted petition in abeyance while he attempts to exhaust the unexhausted claims. *See James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir.2001); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981 (9th Cir.1998).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.