**Walter SCHERBOVITSCH,
Petitioner–Appellant,**

v.

**D.A. MAYLE, Warden; United States
District Court, Respondents–
Appellees.**

**No. 00–55399.
D.C. No. CV–99–04329–DDP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided May 2, 2002.

Before FERNANDEZ and
RAWLINSON, Circuit Judges, and
SHEA,* District Judge.

**MEMORANDUM ***

Walter Scherbovitsch appeals the dismissal of his petition for habeas corpus, which contained both exhausted and unexhausted claims. We affirm.

In the certificate of appealability for this matter, we limited the issue to "whether the district court abused its discretion by failing to consider holding a mixed petition in abeyance, given that petitioner may be barred from refiling by the AEDPA's statute of limitations." The clear answer to

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that question is no. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); *Calderon v. U.S. Dist. Court (Gordon),* 107 F.3d 756, 760 (9th Cir.1997) ("Because [the] amended habeas corpus petition undisputably contained unexhausted state claims, dismissal of the federal petition was required."). That, of necessity, disposes of Scherbovitsch's claim that the court did not rule on his motion to stay the mixed petition—it simply could not rule in his favor.

We recognize that the district court must first give a pro se petitioner the opportunity to withdraw the unexhausted claims. *See James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001); *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001); *James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000). That, however, is not the question delineated in the certificate of appealabilty, and, in any event, the district court did give Scherbovitsch that opportunity. Thus, we must affirm the district court.[1]

AFFIRMED.

SHEA, District Judge, dissenting.

Petitioner in this case timely filed his first federal habeas petition on April 23, 1999. The district court ruled that his petition included both "exhausted" federal claims and "unexhausted" federal claims, that is some claims which had not been fairly presented to the state's highest court. As such, the petition mixed exhausted and unexhausted claims. On De-

---

1. Of course, we express no opinion about what the course of events might be if Scherbovitsch tries to return to the district court with some newly exhausted claims at some later time. We sit to decide concrete cases; not to engage in vaticination.

cember 9, 1999, well after AEDPA's one year statute of limitations had run,[1] the magistrate judge issued a report and recommendation concluding that this "mixed" petition should be dismissed without prejudice under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

Scherbovitsch had moved for a stay, under *Fetterly v. Paskett,* 997 F.2d 1295, 1299 (9th Cir.1993), prior to the Report and Recommendation of the magistrate judge. The magistrate judge had advised Scherbovitsch that he could amend his petition to delete the unexhausted claims. The magistrate judge did not rule on Scherbovitsch's motion for stay but did state, "[i]f the Petitioner chooses to withdraw claims numbers 1, 2 and 3 from the present petition, he should be aware that he cannot raise those claims at a later time in this court." The district court adopted the magistrate's findings and conclusions and dismissed the petition without prejudice on January 10, 2000.

The majority correctly states that, "In the certificate of appealability for this matter, we limited this matter to 'whether the district court abused its discretion by failing to consider holding a mixed petition in abeyance, given that petitioner may be barred from refiling by the AEDPA's statute of limitations.' The clear answer to that question is no." Given the *Rose* requirement that mixed petitions must be dismissed, there are only two ways to read the language of the certificate of appealability: either the certificate was improperly granted because a "mixed petition" cannot be held in abeyance per *Rose v. Lundy* or the actual issue is as briefed and argued by the parties, to wit, whether it was an abuse of discretion for the district court to

fail to consider following the "withdrawal-and-abeyance procedure" for dealing with a mixed petition.

Congress has made clear that a certificate of appealability *should not issue* unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted § 2253(c) to require "showing reasonable jurists could debate whether (or for that matter agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1603–04, 146 L.Ed.2d 542 (2000). Applying these principles to the certificate of appealability persuades me that the Petitioner had "made a substantial showing of a denial of constitutional right" and the certificate was properly issued, but inartfully framed. I reached that conclusion by looking at the facts in this case which document that Scherbovitsch did request a stay thereby implicating the court's "withdrawal-and-abeyance" procedure.

As I, then, view the certificate of appealability, the issue is whether the magistrate judge erred as a matter of law in failing to decide the issue of whether to hold the petition in abeyance and by erroneously telling Scherbovitsch in his findings and conclusions, "[i]f the Petitioner chooses to withdraw claims numbers 1, 2, and 3 from the present petition, he should be aware that he cannot raise those claims at a later time in this court." The record is clear that the district court had before it a motion to hold in abeyance and had the discretion to hold the matter in abeyance after permitting withdrawal of the unexhausted claims. *Calderon v. United States Dist. Ct. (Taylor),* 134 F.3d 981, 987 (9th Cir.1998). "A district court by definition

---

1. *Duncan v. Walker,* 531 U.S. 167, 180–181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001), held that the time during which a federal habeas petition is pending does not toll the statute, as a state habeas petition would. *See* 28 U.S.C. § 2244(d)(2). Thus, the limitations period continues to run during the pendency of a federal petition.

abuses its discretion when it makes an error of law." *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 2048, 135 L.Ed.2d 392 (1996). I would reverse the district court and remand for a decision on the petitioner's motion to stay which clearly invoked this circuit's withdrawal-and-abeyance procedure. Given the facts, that resolution carries out the apparent intent of this Court to provide the Petitioner with a meaningful review of his only appeal. Remanding for decision on the motion to stay would enable this court in a subsequent appeal to evaluate the decision of the district court for abuse of discretion.[2]

---

**2.** Since the question of whether or not the court must permit withdrawal of unexhausted claims and hold the remaining claims in the petition in abeyance pending the outcome of the efforts to exhaust those withdrawn claims where AEDPA may bar refiling is not before us, I express no opinion on the propriety of the the Second Circuit's holding that withdrawal-and-abeyance is the "only appropriate course" where AEDPA may bar refiling.

*Zarvela v. Artuz,* 254 F.3d 374, 380 (2nd Cir. 2001).

