**Karen D. GREENBERGER, Petitioner–Appellant,**

v.

**Teena FARMON, Warden; California State Attorney General, Respondents–Appellees.**

No. 00–55582.

D.C. No. CV–98–10422–CAS–RNB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided May 2, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and SHEA,* District Judge.

**MEMORANDUM** **

The district court required Karen D. Greenberger to withdraw unexhausted claims from her petition for habeas corpus, which contained both exhausted and unexhausted claims, or suffer dismissal of the petition. She did the former, and now appeals. We affirm.

In the certificate of appealability for this matter, we limited the issue to "whether the district court abused its discretion by failing to consider holding a mixed petition in abeyance, given that petitioner may be barred from refiling by the AEDPA's statute of limitations." The clear answer to that question is no. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); *Calderon v. U.S. Dist. Court (Gordon),* 107 F.3d 756, 760 (9th Cir.1997) ("Because [the] amended habeas corpus petition undisputably contained unexhausted state claims, dismissal of the federal petition was required.").

We recognize that the district court must first give a pro se petitioner the

---

* The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

opportunity to withdraw the unexhausted claims. *See James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001); *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001); *James v. Giles,* 221 F.3d 1074, 1077 (9th Cir.2000). That, however, is not the question delineated in the certificate of appealability. In any event, the district court did give Greenberger that opportunity, and she took advantage of it. Thus, we must affirm the district court.[1]

AFFIRMED.

SHEA, District Judge, concurring.

Petitioner in this case timely filed her first federal habeas petition on December 28, 1998. The district court ruled that her petition included federal claims which had not been fairly presented to the state's highest court. Appropriately, the magistrate judge assigned the case by the district court twice identified unexhausted claims and warned her that absent dismissal of those claims, the petition would be dismissed without prejudice under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Twice petitioner chose to withdraw those unexhausted claims. After finding the petition fully exhausted, the magistrate judge recommended dismissal on the merits. The district court adopted the report and recommendation of the magistrate and dismissed the petition.

Whichever interpretation the language of certificate of appealability one chooses,[1] the result is the same: the petition must be denied. Here the petitioner was properly given the opportunity to withdraw exhausted claims and did so. At no time did the petitioner ask the court to hold the exhausted claims in abeyance. Consequently there can be no abuse of discretion for failure to adopt the "withdrawal-and-abeyance" procedures where the petitioner has not sought such procedures. Here the petitioner failed to file the motion to hold in abeyance and that is fatal. I therefore concur on the panel's decision to affirm the district court.

---

1. Of course, we express no opinion about what the course of events might be if Greenberger tries to return to the district court with some newly exhausted claims at some later time. We sit to decide concrete cases; not to engage in vaticination.

1. *See Scherbovitsch v. Mayle,* No. 00–55399, 2002 WL 847998 (9th Cir.2002) (Shea, J., dissenting).