Dorian DAVIS, Petitioner–Appellant,

v.

Cheryl K. PLILER, Respondent–Appellee.

No. 01–56131.

D.C. No. CV–00–09808–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 1, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.*

MEMORANDUM **

California State prisoner Dorian Davis appeals from the district court's dismissal of his habeas corpus petition filed under 28 U.S.C. § 2254. The district court determined that Davis had not exhausted his state court remedies before seeking federal habeas relief. We granted a Certificate of Appealability to decide whether Davis had properly exhausted his claim that the trial court violated his Sixth and Fourteenth Amendment right to counsel by improperly granting his petition for self-representation under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and review de novo the dismissal of Davis's habeas petition. *Manning v. Foster,* 224 F.3d 1129, 1132 (9th Cir.2000); *James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001). We reverse and remand.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

The State contends that Davis's petition was properly dismissed, because he presented additional legal theories and facts in his federal habeas petition that were not contained in his petition for review to the California Supreme Court. However, we conclude that any new or different facts or legal theories in Davis's federal habeas petition did not put his *Faretta* claim in a significantly different posture from how it was presented in his petition for review to the California Supreme Court. *See Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988); *Schiers v. California*, 333 F.2d 173, 175 (9th Cir.1964). The additional allegations in the federal habeas petition are, at most, cumulative to the assertions Davis made in the petition for review to the California Supreme Court. Thus, Davis has properly exhausted the federal *Faretta* claim.

The district court dismissed, for lack of exhaustion, two other claims that were raised in Davis's habeas petition. Following our reversal in this appeal, the district court will have before it a mixed petition containing both exhausted and unexhausted claims. When advising Davis of his options with regard to that mixed petition, the district court should be mindful of the protection accorded pro se litigants in view of the statute of limitations and complex procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996. *See Ford v. Hubbard*, 305 F.3d 875, 881–91 (9th Cir.2002); *Kelly v. Small*, 300 F.3d 1159, 1164 (9th Cir.2002); *James*, 269 F.3d at 1126; *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

REVERSED AND REMANDED.