**Isadore PIPER, Petitioner–Appellant,**

v.

**A.A. LAMARQUE, Respondent–Appellee.**

**No. 00–16232.**

**D.C. No. CV–00–00404–VRW.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM**

Isadore Piper appeals pro se the district court's order dismissing without prejudice his habeas corpus petition under 28 U.S.C. § 2254. Piper's habeas petition challenges his sentence of 25 years to life imposed under California's "Three Strikes" Law, Cal.Penal Code § 667(b)-(i), following his conviction for firearm possession by a felon. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's dismissal of Piper's habeas corpus petition on procedural grounds, *see James v. Pliler*, 269 F.3d 1124, 1125 (9th Cir. 2001), and we affirm.

Piper's section 2254 habeas petition was dismissed without prejudice by the district court on the ground that it contained both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Piper alleges on appeal that, prior to dismissing, the district court erred by not treating his petition as fully exhausted, noticing the fact that the Supreme Court of California had denied his unexhausted claims since the initial filing of his federal habeas petition. In the alternative, Piper contends the district court erred in not advising Piper of his right to amend the petition by deleting his unexhausted claims and proceeding with his exhausted claims. Piper asserts that he was subsequently time-barred from resubmitting his petition for habeas review.

The district court did not have the benefit of our decisions issued after its denial of Piper's section 2254 petition. *See James,*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

269 F.3d at 1125–26; *Tillema v. Long,* 253 F.3d 494, 503–04 (9th Cir.2001); *Kelly v. Small,* 300 F.3d 1159, 1165 (9th Cir.2002). However, Piper has since successfully re-submitted his habeas petition to the district court, which addressed its merits and dismissed it with prejudice. *See Piper v. Lamarque,* No. 00–02610 (N.D.Cal. Nov. 30, 2001). Piper's appeal of that dismissal on the merits is currently pending in this court, along with a request for an expanded certificate of appealability ("COA"). *See Piper v. Lamarque,* No. 02–15260 (9th Cir. July 23, 2002) (holding briefing schedule and request for expanded COA in abeyance pending the United States Supreme Court's decision in *Andrade v. Attorney Gen. of Cal.,* 270 F.3d 743 (9th Cir.2001), *cert. granted sub nom. Lockyer v. Andrade,* —— U.S. ——, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002)).

Accordingly, because Piper has already received the habeas relief he sought herein, namely federal habeas review of the merits of his petition, *see James,* 269 F.3d at 1126, it is unnecessary to rule upon the issues brought forth by this appeal. *See City of Auburn v. United States Government,* 154 F.3d 1025, 1028 (9th Cir.1998) (ruling that an appeal should be dismissed if the occurrence of intervening events renders a decision unnecessary).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.