**Charles William DEARING, Petitioner–Appellant,**

v.

**E.K. MCDANIEL, et al., Respondents– Appellees.**

No. 02–15134.

D.C. No. CV–98–00356–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.[*]

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM [**]

Nevada State prisoner Charles William Dearing appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his first murder conviction and sentence of life without possibility of parole. Dearing also appeals the district court's denial of his Motion for Reconsideration of its decision to dismiss the petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We reverse and remand.

We review de novo the district court's dismissal of Dearing's habeas corpus petition on procedural grounds. *James v. Pliler*, 269 F.3d 1124, 1125 (9th Cir.2001). We review for an abuse of discretion the district court's denial of his motion for reconsideration. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000).

Given the protracted procedural history below, culminating in a dismissal which, although without prejudice, effectively precludes Dearing from further access to federal habeas relief on any of his claims, we conclude that the district court should have granted Dearing's unopposed motion for reconsideration and his request to amend his petition to include only exhausted claims. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 & n. 1 (9th Cir.1999) (en banc) (per curiam) (noting that "highly unusual circumstances" or the necessity of "prevent[ing] manifest injustice" may warrant the granting of a motion for reconsideration under Rule 59(e)).

Upon remand, Dearing may request that the district court stay his amended petition so that he can present his unexhausted claims in state court. *See Kelly v. Small*, 300 F.3d 1159, 1165 (9th Cir.2002).

REVERSED AND REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.