**Larry Edward BAILEY, Petitioner–Appellant,**

v.

**Ernest ROE, Warden, Respondent–Appellee.**

No. 04–15903.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Victor S. Haltom, Esq., Sacramento, CA, for Petitioner–Appellant.

Justain P. Riley, DAG, AGCA—Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Larry Edward Bailey appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bailey contends that the district court abused its discretion in failing to decide his case within six months. We disagree. Bailey points to no case law that gives district court's such a time constraint. *Cf.* Rule 4 of Rules Governing § 2254 Cases.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bailey also contends that the district court should have given him the option to stay and hold his petition in abeyance while he exhausted his claims in state court. We disagree. A federal district court need not explain habeas procedure to a litigant. *See Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2445–46, 159 L.Ed.2d 338 (2004). Furthermore, because Bailey's § 2254 petition was wholly unexhausted, the district court had nothing to stay after dismissal. *Cf. James v. Pliler,* 269 F.3d 1124, 1126–27 (*citing Calderon v. United States District Court (Taylor),* 134 F.3d 981, 988 (9th Cir.1998)) ("In *Taylor,* we held that a district court may, in its discretion, allow a petitioner to amend a mixed petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow the petitioner to amend the stayed petition to add the nowexhausted claims.").

Bailey also contends that he is entitled to equitable tolling because his § 2254 petition was pending in the district court for 8 months. Because Bailey failed to raise this argument in the district court, it is waived. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).

AFFIRMED.