**PEOPLE OF the TERRITORY OF GUAM, Plaintiff–Appellee,**

v.

**David TEIXEIRA, Defendant–Appellant.**

**No. 86–1224.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1987.

Decided Oct. 7, 1988.

Ladd A. Baumann, Baumann & Hull, Agana, Guam, for defendant-appellant.

Marilyn E. Clothier, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before POOLE, NORRIS and BRUNETTI, Circuit Judges.

POOLE, Circuit Judge:

Appellant David Teixeira appeals his conviction on three counts of delivery of a controlled substance in violation of 9 Guam Code Annotated (G.C.A.) § 67.50(a)(1) (1977), after the trial court denied his motion for a jury trial on his defense of entrapment. Teixeira contends that Guam law requiring the submission of the entrapment defense to the trial judge deprived him of his sixth amendment right to trial by jury. We disagree and affirm.

## FACTS

On April 7, 1983, Teixeira was indicted on three counts of Delivery of a Controlled Substance in violation of 9 G.C.A. § 67.50(a)(1). The trial court denied Teixeira's pre-trial demand for a jury trial on all issues including the defense of entrapment, and the case was tried to a jury on the general issue of guilt or innocence. Although some evidence pertaining to the entrapment defense was heard in the presence of the jury, additional evidence was presented to the court separately after the close of the jury trial but before deliberations had begun. The court ruled that no entrapment had occurred, and submitted the case to the jury, which found Teixeira guilty on all counts. Sentenced to ten years, Teixeira appealed to the United States District Court, Appellate Division.[1] That court affirmed the conviction, and this appeal followed.

Teixeira contends that the effect of the Guam entrapment statute unconstitutionally deprives him of his right to a jury trial on the issue of guilt or innocence. Our review of the Guam statute necessarily requires an examination of the purposes and procedures of the entrapment defense in general.

## DISCUSSION

### Theories of Entrapment

■ Courts currently employ two different approaches to the defense of entrapment, each involving a distinct test and rationale, and each with somewhat different procedural consequences. *See generally*, LaFave and Israel, 1 Criminal Procedure, § 5.2 (1984 & Supplement 1988). The federal courts and the majority of the states adopt what is commonly known as the "subjective" theory of entrapment, first discussed by the Supreme Court in *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), and further developed in *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848

(1958). The rationale of these decisions is that the applicable prohibitory statute under which a defendant is convicted is deemed to contain an implied exception when the prohibited conduct has been instigated by government officials. As the Court stated in *Sorrells*, "[w]e are unable to conclude that it was the intention of the Congress in enacting [the National Prohibition Act, under which the defendant was convicted] that its processes of detection and enforcement should be abused by the instigation by government officials of an act on the part of persons otherwise innocent in order to lure them to its commission and to punish them." 287 U.S. at 448, 53 S.Ct. at 215.

Because under this subjective theory of entrapment the success of the defense depends upon a defendant's status as "otherwise innocent," a two-step test is employed in jurisdictions adopting this approach. The court first inquires as to whether there has been "inducement" by a government agent; if there has, the burden shifts to the government to show that the defendant was "predisposed" to commit the crime. Because the question of predisposition is actually one of intent and therefore bears upon the guilt or innocence of the accused, the issue is for the jury "as part of its function of determining the guilt or innocence of the accused." *Sherman*, 356 U.S. at 377, 78 S.Ct. at 823.

■ In a separate concurrence in *Sorrells*, however, Justice Roberts set forth another, distinct rationale for the entrapment defense. Arguing that the purpose of the defense is fundamentally to deter police misconduct, Justice Roberts founded the defense in the regulation of the procedures of law enforcement. Rejecting the notion that a defendant's "innocence" or "predisposition" should affect his access to the defense, Justice Roberts wrote that "[t]he applicable principle is that courts must be closed to the trial of a crime instigated by the government's own agents. No other issue, no comparison of equities

---

1. In Guam, the United States District Court, Appellate Division, serves as the territory's local appellate forum, 48 U.S.C. § 1424–3 (1984); 8

G.C.A. § 130.15(a). We have jurisdiction over this appeal under 48 U.S.C. § 1424–3(c).

as between the guilty official and the guilty defendant, has any place in the enforcement of this overruling principle of public policy." *Sorrels*, 287 U.S. at 459, 53 S.Ct. at 219 (Brandeis, J. and Stone, J., concurring). This rationale, based as it is upon an objective determination of the propriety of the government's conduct, is often referred to as the "objective" theory of entrapment.[2]

Because under the objective approach it is not the guilt or innocence of the accused but rather the impropriety of the government's conduct which is at issue, proponents of the theory suggest that the defense is inappropriate for jury consideration. As Justice Frankfurter wrote in *Sherman:*

> [A] jury verdict, although it may settle the issue of entrapment in the particular case, cannot give significant guidance for official conduct for the future. Only the court, through the gradual evolution of explicit standards in accumulated precedents, can do this with the degree of certainty that the wise administration of criminal justice demands.

*Sherman*, 356 U.S. at 385, 78 S.Ct. at 827 (Frankfurter, J., concurring). *See also Sorrells*, 287 U.S. at 457, 53 S.Ct. at 218 (Roberts, J., concurring) ("It is the province of the court ... alone to protect itself and the government from such prostitution of the criminal law"). Under the objective approach then, the defense of entrapment is analogous to other doctrines—such as the exclusion of evidence illegally obtained, or the dismissal of an indictment obtained in violation of due process, or the preliminary determination of the voluntariness of a confession—which are designed solely for the purpose of regulating the conduct of the police and which therefore may be properly submitted to the trial court alone. *See also* Model Penal Code, § 2.13 Comment 6 n. 34 (1962) ("The rationale for not making jury participation a constitutional requirement that applies to [matters such as the determination of voluntariness of a confession] would also apply to a supplemental defense like entrapment, *which does not go to the culpability or guilt of the defendant but is adopted solely for the purpose of regulating the conduct of the police*") (emphasis supplied).

The defense of entrapment is not of constitutional dimension, *United States v. Russell*, 411 U.S. 423, 433, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973), and no uniform definition or procedure for its application exists or is mandated. In the case of federal crimes, Congress may "address itself to the question and adopt any substantive definition of the defense that it may find desirable." *Id.* Other jurisdictions are free to adopt any test they desire, or even to reject the defense entirely.[3]

Although the subjective test has adherents in the federal courts and the majority of states, several jurisdictions have recently adopted the objective approach to the defense, either by statute or through judicial decision. *E.g. People v. Barraza*, 23 Cal.3d 675, 153 Cal.Rptr. 459, 591 P.2d 947 (1979); *State v. Mullen*, 216 N.W.2d 375 (Iowa 1974); *People v. Turner*, 390 Mich. 7, 210 N.W.2d 336 (1973); *Grossman v. State*, 457 P.2d 226 (Alaska 1969). *See also* N.D. Cent.Code, § 12.1–05–11 (1973); Pa.Cons. Stat.Ann., tit. 18 § 313 (Purdon 1973); Haw.Rev.Stat., § 702–237, (cited in *Barraza*, 23 Cal.3d at 690, 153 Cal.Rptr. at 467, 591 P.2d at 955). Predictably, these jurisdictions emphasize the deterrent purposes of the defense. The Model Penal Code explicitly adopts the deterrent rationale of the objective approach to entrapment and therefore requires that the defense be submitted to the trial judge rather than the jury. Model Penal Code § 2.13 (1962).

*Entrapment in Guam*

Section 7.70 of 9 Guam Code Annotated provides that:

---

**2.** Justice Roberts' rationale was the essence of Justice Frankfurter's forceful concurrence in *Sherman v. United States*, 356 U.S. 369, 378, 78 S.Ct. 819, 823, 2 L.Ed.2d 848 (1958) in which he was joined by three other Justices.

**3.** As Tennessee has done. *Goins v. State*, 192 Tenn. 32, 237 S.W.2d 8 (1951).

(a) It is an affirmative defense that the defendant committed the offense in response to an entrapment. . . .

(b) Entrapment occurs when a law enforcement agent, for the purpose of obtaining evidence of the commission of an offense, induces or encourages a person to engage in proscribed conduct, using such methods of inducement as to create a substantial risk that the offense would be committed by persons other than those who are ready to commit it. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

. . . .

(e) The issue of entrapment shall be tried by the trier of fact.

9 G.C.A. § 7.70.

The Appellate Division determined that the Guam statute was adopted to "adequately satisfy the basic policy to deter wrongful conduct on the part of the government" and therefore expressed the objective theory of the entrapment defense. We review this interpretation of local law *de novo. People of the Territory of Guam v. Yang,* 850 F.2d 507, 509 (9th Cir.1988) (en banc).

The Appellate Division is clearly correct that the Guam statute is directed only at deterring improper police conduct and not at determining the predisposition of the accused. The statute on its face requires that the court examine only the "methods of inducement" employed by law enforcement agents, and that those methods be judged by their effects, not on the individual defendant, but upon "persons other than those who are ready to commit" the offense in general. This substantive definition clearly comports with the deterrent rationale for the defense.[4]

■ Appellant argues, however, that even if the court was correct in its determination of the deterrent purposes of the statute, the question of entrapment should have been submitted to the jury. As should be clear from our review, this argument is without merit. That entrapment is

referred to as an "affirmative defense" in the statute does not necessarily mean, as appellant seems to argue, that it is a defense going to the guilt or innocence of the defendant and therefore requiring trial by jury.

It is true that a number of those jurisdictions which adopt the objective test for entrapment nonetheless submit the issue of entrapment to the jury rather than the judge. *See e.g. Barraza,* 23 Cal.3d 675, 692, 153 Cal.Rptr. 459, 468, 591 P.2d 947, 956 (1979). However, as we have previously mentioned, such an approach is by no means constitutionally mandated. It seems to us eminently reasonable that a jurisdiction which has adopted the objective theory of entrapment would also require the issue to be submitted to the court alone. Especially when read against the background of the substantive definition provided by the statute, the Guam legislature's designation of entrapment as an "affirmative defense" is far more likely to go to the requirements of pleading than those of proof of guilt or innocence.

*Conclusion*

As our discussion above makes clear, where, as here the purpose of the entrapment defense is enunciated by statute to be the deterrence of improper police conduct, proof of the defense does not go to guilt or innocence of the accused but to the effect on law enforcement of police inducements. This determination requires a careful balancing of the public interest in law enforcement with that of deterring improper or offensive conduct by the police. There is no constitutional right to have this balance struck by a jury. On the contrary, such determinations are perhaps best entrusted to the trial judge who "through the gradual evolution of explicit standards in accumulated precedents" can provide significant guidance for official conduct in the future.

The decision of the district court is AFFIRMED.

---

4. Our conclusion is further supported by the fact that the primary source for the Guam statute was the Model Penal Code, discussed above.