**David HERNANDEZ, Petitioner,**

v.

**William SULLIVAN, Warden,
Respondent.**

No. CV 05–2996–NM(E).

United States District Court,
C.D. California.

Oct. 24, 2005.

David Hernandez, Pro se.

Lance E. Winters, Supervising Deputy Attorney General of the California Attorney General's Office, Los Angeles, CA, for Respondent.

### ORDER DENYING REQUESTS FOR STAY

MANELLA, District Judge.

### PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Pet.") on April 22, 2005. Respondent filed an Answer ("Ans.") on May 23, 2005, alleging Petitioner had not exhausted all of his claims as required by 28 U.S.C. sections 2254(b) and (c).

Petitioner filed a "Request to Hold Petition in Abeyance" on June 24, 2005, admitting that two of Petitioner's claims were unexhausted and requesting that the Court stay adjudication pending Petitioner's ex-

haustion of state remedies. On June 29, 2005, the Court issued an order permitting Petitioner the option of: (1) filing a declaration and/or other evidence in an attempt to demonstrate that Petitioner's request for a "stay and abeyance" met the requirements of *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), or (2) abandoning the unexhausted claims.

On September 13, 2005, Petitioner filed a second "Request to Hold Petition in Abeyance," presenting additional arguments in support of his request for a "stay and abeyance." Respondent filed an opposition on October 11, 2005.

## DISCUSSION

██ In *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that a district court has discretion, in "limited circumstances," to stay and hold in abeyance a mixed habeas corpus petition pending exhaustion of state remedies. *Id.* at 1535. The Court indicated that stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his exhausted claims are plainly meritless." *Id.* (citation omitted). The Court also stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535.

This Court deems it unnecessary to determine whether Petitioner's unexhausted claims are "plainly without merit" or whether Petitioner engaged in "intentionally dilatory litigation tactics." For the reasons discussed below, Petitioner has failed to show good cause for his failure to exhaust his unexhausted claims prior to filing this habeas action.

In Petitioner's two concededly unexhausted claims, Petitioner alleges:

1. Petitioner's due process rights were violated when one of the prosecution's witnesses, Mario Valdez, allegedly provided false testimony that Petitioner's brother threatened Mr. Valdez not to testify at trial (Pet. at 5); and

2. The prosecutor committed misconduct by referring to Mr. Valdez's allegedly false testimony during closing argument (Pet. at 6).

Petitioner asserts there was good cause for his failure to exhaust these claims, arguing that, until March, 2003, he lacked the necessary evidence to support his allegation that Mr. Valdez testified falsely.[1] Petitioner also alleges that he informed his appellate counsel of Mr. Valdez's false testimony, but appellate counsel failed to raise Petitioner's unexhausted claims on appeal.

In *Rhines v. Weber,* the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. However, the law is well-developed regarding the showing necessary to satisfy the analogous requirement that a habeas petitioner demonstrate "cause" to excuse a failure to exhaust in the context of procedural default. In de-

---

1. Petitioner neglects to describe exactly what supporting evidence he allegedly discovered in March, 2003, although, coincidentally or not, "petitioner's brother Daniel Hernandez was indicted for the alleged intimidation in mid March of 2003" ("Request to Hold Petition in Abeyance," filed September 13, 2005, at 2).

termining both the "cause" required to excuse a procedural default and the "good cause" required under *Rhines v. Weber,* the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas petition. Therefore, the Court deems it appropriate to look to procedural default case law for guidance in determining whether Petitioner has demonstrated the requisite "good cause" for failing to exhaust his unexhausted claims prior to filing this habeas action.

▮ To show "cause" for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her. *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)); *see High v. Ignacio,* 408 F.3d 585, 590 (9th Cir.2005). In the present case, Petitioner has not shown that his failure to exhaust his claims resulted from any external objective factor that cannot fairly be attributed to him. Petitioner plainly knew at the time of trial the nature of Mario Valdez's testimony, and the nature of the prosecutor's use of that testimony. Petitioner has failed to explain why presentation of his claims to the California Supreme Court had to await whatever supporting evidence Petitioner allegedly received in March, 2003. Moreover, Petitioner also has failed to explain why he did not present his claims to the California Supreme Court during the more than two-year period between March 2003 and the filing of the present Petition.

Likewise, the alleged failure of Petitioner's appellate counsel to raise the unexhausted claims in Petitioner's direct appeal does not establish "good cause." Appellate counsel's alleged failure did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims. *See Pham v. Garcia,* 2004 WL 3263485, at *6 (S.D.Cal. Sept. 16, 2004), *reconsideration denied,* 2005 WL 856667 (S.D.Cal. Apr. 5, 2005) (appellate counsel's alleged ineffectiveness in failing to raise claims on direct appeal did not excuse the petitioner's procedural default, where the petitioner showed no connection between counsel's failure and the untimely filing of petitioner's state habeas petition over four years after his conviction became final). Thus, Petitioner has not shown "good cause" for his failure to exhaust his unexhausted claims.

For the foregoing reasons, Petitioner's requests for a stay and to hold the Petition in abeyance pending the exhaustion of Petitioner's unexhausted claims are DENIED.

In light of the Court's denial of Petitioner's requests for a "stay and abeyance," Petitioner may elect to abandon the unexhausted claims. *See James v. Pliler,* 269 F.3d 1124, 1126–27 (9th Cir.2001). If Petitioner chooses to do so, the Court will proceed to the matter of Petitioner's exhausted claims. Alternatively, Petitioner may request a dismissal of the Petition without prejudice. The Court observes, however, that dismissal of the present proceeding (even dismissal "without prejudice") might contribute toward a statute of limitations bar against a federal petition subsequently filed by Petitioner. Although section 2244(d)(2) of Title 28 U.S.C. tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations probably would not have been tolled during the pendency of the present federal petition. *See Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).[2] Within thirty (30) days of the

---

2. The Ninth Circuit permits equitable tolling of the AEDPA statute of limitations "if 'ex-

date of this order, Petitioner shall file a document signed by Petitioner stating unequivocally which option Petitioner chooses.

In describing Petitioner's available options, this Court intends neither to encourage nor discourage Petitioner from choosing any particular option.[3]

---

traordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir.1997), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998), *overruled on other grounds, Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir.1998), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *but see United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (equitable tolling not permissible where the text of the statute of limitations defers the statute's commencement until the plaintiff knew or should have known of the existence of the claim). This Court need not and does not now determine whether equitable tolling might apply with respect to a federal petition that Petitioner subsequently might file.

3. In *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004), the Supreme Court appeared to hold that a District Court is not *required* to warn a petitioner who has filed a "mixed" petition of: (1) the court's inability to stay the proceeding, absent the stay and abeyance procedure; or (2) the possibility (or certainty) that a future federal petition would be time-barred if the court dismisses the mixed petition. Yet, the Supreme Court also remanded the case "for further proceedings given the Court of Appeals' concern that [the petitioner] had been affirmatively misled quite apart from the District Court's failure to give the two warnings." *Id.* at 2447. The Court of Appeals' concern that Ford had been affirmatively misled centered around the representation (without qualifying explanation) that dismissal of the mixed petition would be "without prejudice" even though, because of the potential time bar, dismissal of the mixed petition effectively might have resulted in the federal court never reaching the merits of Ford's claims. *See Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003), *vacated by Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). Although there may be other methods to avoid so misleading a petitioner in a mixed petition situation, one method, implemented in the present case, is merely to note the potential statute of limitations problem and to describe the available options neutrally—without encouragement or discouragement. This Court does not construe *Pliler v. Ford* to prohibit the implementation of this method to avoid misleading a petitioner in a mixed petition situation.