Joseph Wells NOBLE, aka Joseph W. Noble, Petitioner,

v.

C.M. HARRISON, Warden, C.S.P.L.A.C., Respondent.

No. CV 04–10568–CAS(RC).

United States District Court, C.D. California.

April 20, 2007.

Joseph Wells Noble, Delano, CA, pro se.

David A. Voet, CAAG—Office of Attorney General of California, Los Angeles, CA, for Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

SNYDER, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Second Amended Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the Second Amended Petition and dismissing the action without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

### REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Christina A.

Snyder, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On June 22, 2001, in Los Angeles County Superior Court case no. BA187320, a jury convicted petitioner Joseph Wells Noble, aka Joseph W. Noble, of two counts of indecent exposure with a prior in violation of California Penal Code ("P.C.") § 314(1) (counts 1 & 2),[1] and determined that petitioner had suffered three prior prison terms, within the meaning of P.C. § 667.5(b), and four prior convictions within the meaning of California's Three Strikes law, P.C. §§ 667(b-i), 1170.12(a-d). CT 561–564, 572–577; Reporter's Transcript ("RT") 2102–2107. The petitioner was sentenced under the Three Strikes law to the total term of 25 years to life. CT 578–81; RT 2115:20–26.

Petitioner appealed his convictions and sentence to the California Court of Appeal and filed a related petition for writ of habeas corpus, and in a consolidated unpublished opinion filed January 8, 2003, the California Court of Appeal affirmed the judgment and denied the habeas cor-

pus petition. CT 582; Lodgment nos. 2–5. On February 18, 2003, petitioner filed a petition for review in the California Supreme Court, which was denied on April 14, 2003.[2] Lodgment nos. 6–7.

On May 8, 2003, petitioner filed a habeas corpus petition in the California Supreme Court, which was denied on January 22, 2004. Lodgment nos. 8–9.

### II

The California Court of Appeal, in affirming petitioner's convictions and denying his petition for habeas corpus, made the following factual findings:[3] While an inmate at the Los Angeles County jail between March and April 1999, petitioner exposed himself and masturbated in front of Rosa Castro and Deputy Christine Wargo, female custody assistants. He was awaiting a hearing on a Sexually Violent Predator (SVP) petition filed against him under Welfare and Institutions Code §§ 6600 et seq. Petitioner was charged with two counts of indecent exposure with prior convictions for violating P.C. §§ 288 and 314.

The jury heard evidence of other sexual offenses committed by petitioner. In May 1991, Los Angeles County Sheriff's Deputy Brian Corcoran observed petitioner masturbating in a public place. On May 7,

---

1. The jury specifically found petitioner's prior sex offenses to be his convictions in Los Angeles County Superior Court on May 13, 1978, of violating P.C. § 288, and on November 1, 1991, of violating P.C. § 314(1). Clerk's Transcript ("CT") 561, 563.

2. In his petition for review to the California Supreme Court, petitioner raised the following claims: (1) he was "denied due process of law and fundamental fairness when he was charged with and convicted of felony indecent exposure for masturbating in the Los Angeles County jail in front of female guards when, due to multiple diagnosed mental disorders,

his proclivity for this type of activity was well documented"; (2) the "outrageous conduct of law enforcement agents, including Los Angeles County jail personnel and the Los Angeles County District Attorney's Office, result[ed] in [petitioner] being denied due process of law and fundamental fairness"; (3) "the evidence was [in]sufficient to support [petitioner's] convictions as a matter of law"; and (4) petitioner's "25–years–to–life sentence violate[s] the prohibition against cruel and/or unusual punishment." Lodgment no. 6 at 1–2.

3. *See* Lodgment no. 5 at 2–3.

2001, Helen Morales, custody jailer at the Men's Central Jail, walked past petitioner's cell to deliver mail to another inmate. On her way back, she passed by petitioner's cell. He was standing against the gate area, which she described as the position where he was as close as he could get to her. He wore only a T-shirt and was masturbating while looking directly at her.

Petitioner testified in his own defense. He explained that he did not intend to harass or annoy Castro. Instead he intended to "effectuate reconditioning of [his] sexual desires and [his] sexual impulses." He had served prison terms in 1978 for oral copulation of a child by force and sexual molestation of a child (P.C. §§ 288,

288a, (c)); in 1984 for annoying or molesting children and attempted kidnapping (P.C. §§ 647(a), 664/207(a)); and in 1991 for indecent exposure with a prior (P.C. § 314(1)).

## III

On December 29, 2004, petitioner, proceeding pro se, filed his initial petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Rosalyn M. Chapman found the petition to be vague and confusing, and dismissed the petition with leave to amend. On February 4, 2005, petitioner filed his First Amended Petition and a supporting memorandum of points and authorities.[4] On July 8,

---

4. In the First Amended Petition ("FAP") for habeas corpus relief, petitioner raised the following claims:

Ground One—Petitioner's "due process rights via the 'professional judgment standard' & and the 'deliberate indifference standard' establish that the purported victims in this case are not persons who may be offended by petitioner['s] actions[;] thus, a necessary element to support the charges cannot be met."

Ground Two—"Numerous statutory & decisional authorities ... establish that said victims are not persons who may be offended by petitioner['s] actions[;] thus, a necessary element to support the charges cannot be met."

Ground Three—"Equal protection and rights to psychological treatment ... support petitioner's claims that the purported victims in this case are not persons who may be offended by petitioner's actions[;] thus, a necessary element to support the charges cannot be met."

Ground Four—"Vindictive prosecution & extreme prejudice against petitioner."

Ground Five—"Outrageous official misconduct/entrapment."

Ground Six—"Fundamental fairness."

Ground Seven—"Ineffective assistance of trial counsel" in that: (a) petitioner opted to testify "regardless of the fact that his criminal history would be revealed to the jury as a result"; however, "trial counsel could have made efforts to counter & lessen any possible prejudice, but did not even try"; (b) trial

counsel initially did not participate in petitioner's testimony "and petitioner had to testify on his own without any professional help[,]" which resulted in "numeros [sic] flaws in the fashion of the testimony, numerous prosecution objections and admonitions by the court[,]" effectively eliminating petitioner's right to testify; and (c) petitioner repeatedly asked for an "expert witness opinion of petitioner['s] stated motive ... [; however,] trial counsel repeatedly failed to provide such."

To support Grounds One, Two and Three, petitioner stated:

[1] Petitioner was held pending resolution of an attempted commitment of petitioner as a sexually violent predator. All of the state's experts supporting commitment[ ] diagnosed petitioner as an exhibitionist in support of their conclusions; [2][t]he purported victims in this case were jail custody staff responsible for a dormitory holding 60 to 80 SVP Act detainees. The county jail was forewarned regarding petitioner['s] illness; and [3][p]etitioner was detained as one diagnosed with numerous mental conditions considered serious enough to warrant his commitment as a sexually violent predator. Under [California] law, all types of detainees in all types of detention facilities enjoy the right to psychiatric treatment for their psychological problems; therefore, petitioner while under S.V.P. Act detention also has such rights. Properly trained staff ... [should be] able to respond to petition-

2005, respondent filed a motion to dismiss the First Amended Petition, arguing it was a "mixed" petition, containing both exhausted and unexhausted claims, and on September 13, 2005, petitioner filed his opposition to the motion to dismiss. On September 26, 2005, Judge Chapman found the First Amended Petition was a "mixed" petition. Specifically, Judge Chapman held:

> In Grounds One and Two, petitioner claims he was denied due process of law because "the purported victims in this case are not persons who may be offended by petitioner's actions"; therefore, the prosecution failed to prove a "necessary element to support" petitioner's convictions. These claims are variations of claim (3) of petitioner's petition for review to the California Supreme Court: namely that the evidence is insufficient as a matter of law to sustain petitioner's convictions because petitioner could not have indecently exposed himself to female guards in an SVP dormitory of Los Angeles County jail because those guards are "professionals" who should expect such conduct from SVPs. *See* Lodgment no. 6 at 18–20. Thus, Grounds One and Two have been exhausted. However, Ground Three, which is based on the same facts as Grounds One and Two, raises a new claim of "equal protection," which has not been exhausted before the California Supreme Court. [¶] Further, as respondent aptly notes, petitioner did not raise either Ground Four or Ground Seven before the California Supreme Court. Although petitioner raised claims of ineffective assistance of appellate counsel to the California Supreme Court in his habeas corpus petition, he did not claim ineffective assistance of trial counsel. Thus, Grounds Four and Seven have not been exhausted before the California Supreme Court.

(footnotes omitted).

Before dismissing the First Amended Petition without prejudice, however, Judge Chapman offered petitioner the opportunity to strike or dismiss the unexhausted claims and to proceed only on the exhausted claims, as required by *James v. Pliler,* 269 F.3d 1124 (9th Cir.2001). In response, on December 27, 2005, petitioner lodged a Second Amended Petition and filed a "Motion for Stay and Abeyance, or, Statement Requesting the Court to Strike Unexhausted Claims." On February 21, 2006, Judge Chapman denied petitioner's motion for stay and abeyance, stating:

> District courts have authority to stay habeas corpus proceedings, and to hold such proceedings in abeyance while a petitioner exhausts his state court remedies, but only "where such a stay would be a proper exercise of discretion." *Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines,* 125 S.Ct. at 1535; *Jackson v. Roe,* 425 F.3d 654, 660–61 (9th Cir.2005). "Stays are also improper when the unexhausted claims are 'plainly meritless' or where the petitioner has engaged in 'abusive litigation tactics or intentional delay.'" *Jackson,* 425 F.3d

er['s] exhibitionism in an appropriate [and] professional manner. . . .

FAP at 5–6. To support Ground Six, petitioner stated:

> The prosecution and conviction, under the circumstances in which it has occured [sic],

and in light of the constitutional and/or statutory protections enjoyed by petitioner as a detainee for involuntary civil commitment purposes establish this grounds [sic].

FAP at 5A.

at 661 (quoting *Rhines*, 125 S.Ct. at 1535).[¶] To determine "good cause" in the stay and abey context, it is "appropriate to look at procedural default case law for guidance in determining whether Petitioner has demonstrated the requisite 'good cause' for failing to exhaust his unexhausted claims prior to filing this habeas action." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D.Cal.2005). Thus, "the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas corpus petition." *Id.* at 1206–07.[¶] Here, petitioner claims he is entitled to a stay because he "trusted and expected [his appellate] counsel to be professionally competent" in raising the unexhausted claims before the California Supreme Court. Motion at 1–2. However, "the alleged failure of Petitioner's appellate counsel to raise the unexhausted claims … does not establish 'good cause.'" Appellate counsel's alleged failure did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims." *Hernandez*, 397 F.Supp.2d at 1207; *see also Vansickel v. White*, 166 F.3d 953, 958 (9th Cir.) ("Attorney inadvertence or ignorance of the law does not establish cause for a procedural default."), *cert. denied*, 528 U.S. 965, 120 S.Ct. 400, 145 L.Ed.2d 312 (1999); *Correll v. Stewart*, 137 F.3d 1404, 1416 (9th Cir.) ("The mere ignorance or inadvertence of [petitioner's] counsel does not furnish sufficient cause to excuse a procedural default."), *cert. denied*, 525 U.S. 984, 119 S.Ct. 450, 142 L.Ed.2d 404 (1998) and 525 U.S. 996, 119 S.Ct. 465, 142 L.Ed.2d 418 (1998). This is especially so here where, in the petition for review filed in the California Supreme Court on February 18, 2003, appellate counsel stated:

> Appellant's counsel has been informed by [petitioner] that he intends to file an original petition for habeas corpus in the court raising the same issue[s] presented by him to the court of appeal.

Lodgment no. 6 at n.1. Moreover, petitioner did file a habeas corpus petition in the California Supreme Court on May 1, 2003; yet, that petition did not raise the unexhausted claims set forth in Grounds Three, Four and Seven of the pending First Amended Petition. *See* Lodgment nos. 4, 8.

Accordingly, Judge Chapman ordered the Clerk to file the Second Amended Petition and required respondent to answer it. On April 24, 2006, respondent filed his answer to the petition, and on June 26, 2006, petitioner filed his reply.

In the Second Amended Petition for habeas corpus relief, which is currently pending, petitioner raises the following claims:

Ground One—Petitioner's "[d]ue process rights via the 'professional judgment standard' & the 'deliberate indifference standard' establish that the purported victims in this case are not persons who may be offended by petitioner's alleged criminal acts. Thus, a necessary element to support the charges cannot be met."

Ground Two—"Numerous statutory & decisional authorities, most of them of a mandatory and/or constitutional nature[,] clearly establish petitioner[']s rights and the responsibilities of the purported victims in this case, and establish that said victims are not persons who may be offended by petitioner[']s alleged criminal acts. Thus, a necessary element to support the charges cannot be met."

Ground Three—"Outrageous official misconduct/entrapment."

Ground Four—"Fundamental fairness violation."

## DISCUSSION

### IV

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") "circumscribes a federal habeas court's review of a state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003). As amended by the AEDPA, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under the AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

■ The California Supreme Court reached the merits of petitioner's claims when it denied his petitions for review and habeas corpus relief without comment or citation to authority. *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir.2005), *amended by*, 447 F.3d 1165 (9th Cir.2006), *cert. denied*, — U.S. —, 127 S.Ct. 979, 166 L.Ed.2d 742 (U.S.2007); *Hunter v. Aispuro*, 982 F.2d 344, 348 (9th Cir.1992), *cert.*

*denied*, 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). However, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *Castillo v. McFadden*, 399 F.3d 993, 1001 (9th Cir.), *cert. denied*, 546 U.S. 818, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005). Thus, in addressing petitioner's claims, this Court will consider the reasoned opinion of the California Court of Appeal denying those claims on the merits. *Stokes v. Schriro*, 465 F.3d 397, 402 n. 6 (9th Cir.2006); *Garcia v. Carey*, 395 F.3d 1099, 1103 n. 7 (9th Cir.2005).

### V

■ A state cannot, consistent with due process, convict a defendant of conduct that its criminal laws do not prohibit. *Fiore v. White*, 531 U.S. 225, 228–29, 121 S.Ct. 712, 714, 148 L.Ed.2d 629 (2001) (per curiam); *see also Schad v. Arizona*, 501 U.S. 624, 633, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991) (plurality opinion) ("[I]t is an assumption of our system of criminal justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, that no person may be punished criminally save upon proof of some specific illegal conduct." (citations and internal quotation marks omitted)). In *Fiore*, the petitioner was convicted of violating a Pennsylvania statute prohibiting the operation of a hazardous waste facility without a permit. *Fiore*, 531 U.S. at 227, 121 S.Ct. at 713. After Fiore's conviction became final, the Pennsylvania Supreme Court interpreted the statute for the first time and held Fiore's conduct was not within the statute's scope; thus, Fiore's conviction and continued incarceration vio-

lated the due process clause. *Id.* at 228–29, 121 S.Ct. at 714.

Here, petitioner was convicted of committing a lewd act with a prior in violation of P.C. § 314(1), which provides, in relevant part:

> Every person who willfully and lewdly, either: [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; or, [¶] 2. Procures, counsels, or assists any person so to expose himself or to take part in any model artist exhibition, or to make any other exhibition of himself to public view, or the view of any number of persons, such as is offensive to decency, or is adapted to excite to vicious or lewd thoughts or acts, is guilty of a misdemeanor.
>
> \*       \*       \*
>
> Upon the second and each subsequent conviction under subdivision 1 of this section, or upon a first conviction under subdivision 1 of this section after a previous conviction under [P.C.] Section 288, every person so convicted is guilty of a felony, and is punishable by imprisonment in state prison.

P.C. § 314(1) (West 2000).

■ The petitioner contends in Grounds One and Two that P.C. § 314(1), when properly interpreted, does not prohibit a lewd act in an SVP dormitory in the Los Angeles County Jail because female guards in an SVP dormitory in the Los Angeles County Jail are trained individuals who should expect such conduct from SVPs, Memorandum ("Memo.") at 3:16–4:1, and the guards had received notice of petitioner's exhibitionism in a "discharge summary," and therefore cannot claim ignorance of his propensity for exhibitionism. *Id.* at 5:18–25. However, the Califor-

nia Court of Appeal held that there is no exception in P.C. § 314(1) to instances in an SVP dormitory in the Los Angeles County Jail, and petitioner was properly convicted of violating P.C. § 314(1). Specifically, the California Court of Appeal held:

> [Petitioner] argues, without citation to authority, that the female jail employees assigned to the SVP dormitory are not "present to be offended or annoyed" as a matter of law because they "[m]ust expect, through their training, male inmates to exhibit sexually deviant acts without being 'offended or annoyed.'" We find no merit in the argument. As respondent points out, [P.C.] section 314, subdivision 1 does not have an exception eliminating jail or prison personnel as potential victims of indecent exposure. The fact, if it be the fact, that this conduct may be common in the SVP unit does not mean that the female staff cannot be "annoyed or offended" within the meaning of [P.C.] section 314 as a matter of law.

Lodgment 5 at 6.

This Court is bound by the California Court of Appeal's interpretation of P.C. § 314(1). *See Bradshaw v. Richey,* 546 U.S. 74, ——, 126 S.Ct. 602, 604, 163 L.Ed.2d 407 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Hicks on behalf of Feiock v. Feiock,* 485 U.S. 624, 629–30, 108 S.Ct. 1423, 1428, 99 L.Ed.2d 721 (1988) ("We are not at liberty to depart from the state appellate court's resolution of these issues of state law. Although petitioner marshals a number of sources in support of the contention that the state appellate court misapplied state law on these two points, the California Supreme Court denied review of this case, and we

are not free in this situation to overturn the state court's conclusions of state law.").[5]

▓▓▓▓] Further, interpreting Grounds One and Two as challenges to the sufficiency of the evidence to support petitioner's convictions, the Court finds no merit to petitioner's claims of insufficient evidence. To review the sufficiency of the evidence in a habeas corpus proceeding, the Court must determine whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Herrera v. Collins,* 506 U.S. 390, 401, 113 S.Ct. 853, 861, 122 L.Ed.2d 203 (1993) (citation omitted); *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Smith v. Mitchell,* 437 F.3d 884, 889 (9th Cir.), *cert. granted,* —— U.S. ——, 127 S.Ct. 2126, 167 L.Ed.2d 861 (2006). All evidence must be considered in the light most favorable to the prosecution, *Lewis v. Jeffers,* 497 U.S. 764, 782, 110 S.Ct. 3092, 3103, 111 L.Ed.2d 606 (1990), and if the facts support conflicting inferences, reviewing courts "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson,* 443 U.S. at 326, 99 S.Ct. at 2793; *Juan H. v. Allen,* 408 F.3d 1262, 1266 n. 1 (9th Cir.2005), *cert. denied,* 546 U.S. 1137, 126 S.Ct. 1142, 163 L.Ed.2d 1000 (2006) and 546 U.S. 1137, 126 S.Ct. 1145, 163 L.Ed.2d 1000 (2006); *Bruce v. Terhune,* 376 F.3d 950, 957 (9th Cir.2004). These standards are applied to the substantive elements of the criminal offenses under state law. *Jackson,* 443 U.S. at 324 n. 16, 99 S.Ct. at 2792 n. 16; *Windham v. Merkle,* 163 F.3d 1092, 1101 (9th Cir.1998). Furthermore, under the AEDPA, federal courts must "apply the standards of *Jackson* with an additional layer of deference." *Juan H.,* 408 F.3d at 1274.

The California Court of Appeal also denied petitioner's insufficiency of the evidence in affirming petitioner's convictions and sentence, holding:

> We review the whole record in the light most favorable to the judgment to determine whether there is substantial evidence—evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. We presume the existence of every fact favorable to the judgment that the trier could reasonably deduce from the evidence. [¶] [Petitioner] was convicted of two counts of violating section 314, subdivision 1: "Every person who willfully and lewdly, either: [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; ..." First, he argues the county jail is not a public place. This is immaterial, because the second prong of the first subdivision was satisfied, since there were jail personnel present to be offended or annoyed by his conduct.

Lodgment no. 5 at 5–6 (citation omitted).

▓▓▓▓ "Generally, a conviction for indecent exposure requires proof of two elements: '(1) the defendant must willfully and lewdly [have] expose[d] the private

**5.** Petitioner's citations to the "deliberate indifference" standard in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and the "professional judgment" standard of *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), are inapposite. Both of those cases are civil rights actions, not criminal prosecutions. Similarly, petitioner's citations to other civil rights cases applying the "deliberate indifference" standard are inapplicable here.

parts of his person; and (2) such exposure must [have] be[en] committed in a public place or in a place where there are present others to be offended or annoyed thereby.'" *People v. Carbajal,* 114 Cal.App.4th 978, 982, 8 Cal.Rptr.3d 206, 208 (2004) (quoting *People v. Swearington,* 71 Cal. App.3d 935, 943, 140 Cal.Rptr. 5 (1977)). As the California Court of Appeal held:

Penal Code section 314 was enacted in 1872 as section 311; no substantive changes have been made to subdivision 1 since that time. "We presume that when the statute was enacted the Legislature was familiar with the common law rule, and 'when it couches its enactment in common law language, that its intent was to continue those rules in statutory form. ...' [Citation.]"

\* \* \*

"At common law, the 'indecent exposure' of the private parts of a person to public view was treated as a nuisance and punishable as a misdemeanor. It was not required that the exposure be observed; it was necessary merely that the exposure occur in a public place." (3 Wharton's Criminal Law (15th ed.1995) § 308, pp. 196–200, fns. omitted; see also Annot., *Criminal Offense Predicated upon Indecent Exposure* (1964) 94 A.L.R.2d 1353, 1355, § 3 ["the elements of the offense of indecent exposure at common law are a wilful and intentional exposure, and its occurrence in a public place and in the presence of an assembly"].) Early cases from other jurisdictions confirm this view of the common law.

\* \* \*

Our review of the common law and cases from other jurisdictions leads us to con-clude that a conviction for indecent exposure under Penal Code section 314, subdivision 1 requires evidence that a defendant actually exposed his or her genitals in the presence of another person, but there is no concomitant requirement that such person actually must have seen the defendant's genitals....

*Carbajal,* 114 Cal.App.4th at 983–986, 8 Cal.Rptr.3d at 208–212 (citation omitted).

Here, both Rosa Castro and Christine Wargo testified about petitioner's conduct at the Los Angeles County jail. Specifically, Rosa Castro testified that she had seen other male inmates masturbate, but they turned away, stopped, or covered themselves when they saw her; however, petitioner deliberately smiled and looked in her direction while he was masturbating, and she was offended by his actions. RT 675:17–676:27, 670:24–671:3. Similarly, Deputy Christine Wargo, who had worked in the county jail for four years, also testified that, whereas most of the inmates appeared embarrassed when she caught them in the act of masturbating, petitioner's actions were directed at her, and this offended her, as well. RT 953:19–954:1, 954:6–27, 956:8–10. The testimony of Castro and Wargo satisfies all the elements of P.C. § 314(1), showing petitioner's conduct exposing his genitals was wilful and lewd, and both Castro and Wargo who were present were offended;[6] thus, a rational trier of fact could have found the essential elements of P.C. § 314(1) beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2781. Further, there is no dispute that the jury properly found petitioner had suffered prior sex convictions in 1978 for violating P.C. § 288 and in 1991 for violat-

---

**6.** Additionally, petitioner's testimony that he exposed himself to women because that conduct, in his opinion, was less pernicious than his other alternatives while incarcerated, such as thoughts of pedophilia and sexual sadism, suicide, or the taking of drugs, *see* e.g. RT 1237:25–1238:19; 1260:10–1261:26; 1263:16–22; 1265:4–17, demonstrates both the wilful and lewd nature of petitioner's conduct.

ing P.C. § 314(1); thus, it was proved that petitioner suffered a prior similar offense. CT 561, 563; RT 2102–2103.

Thus, the California Supreme Court's denial of Grounds One and Two was neither contrary to, nor an unreasonable application of, clearly established federal law within the meaning of 28 U.S.C. § 2254(d).

## VI

■ In Grounds Three and Four, petitioner claims that because he was facing "commitment proceedings" stemming from sexual disorders, he was "unable to adequately control" his exhibitionism, and it was unfair to hold him "criminally responsible for such exhibitionism." [7] Memo. at 12:20–28. In other words, petitioner claims it was "outrageous" and "fundamentally unfair" for the State to prosecute him regarding his exhibitionism when it had already initiated SVP proceedings against him.[8] *Id.* at 13:8–24. This argument is meritless.

■ Due process may be violated when the State's conduct is "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Russell,* 411 U.S. at 431–32, 93 S.Ct. at 1643; *United States v. Holler,* 411 F.3d 1061, 1065 (9th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 597, 163 L.Ed.2d 496 (2005). "This is an 'extremely high standard' for [petitioner] to meet," *United States v. McClelland,* 72 F.3d 717, 721 (9th Cir.1995) (quoting *United States v. Smith,* 924 F.2d 889, 897 (9th Cir.1991)), *cert. denied,* 517 U.S. 1148, 116 S.Ct. 1448, 134 L.Ed.2d 567 (1996); *United States v. Ahluwalia,* 30 F.3d 1143, 1144 (9th Cir.1994) (per curiam), and such unconscionable conduct generally occurs only when the state "completely fabricate[d] the crime solely to secure the defendant's conviction," *United States v. Franco,* 136 F.3d 622, 629 (9th Cir.1998); *McClelland,* 72 F.3d at 721, or was "brutal, employing physical or psychological coercion against the defendant." *Fernandez,* 388 F.3d at 1238 (citation omitted); *see*

7. Petitioner also claims "entrapment." However, in conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991); *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *see also Dugger v. Adams,* 489 U.S. 401, 409, 109 S.Ct. 1211, 1216–17, 103 L.Ed.2d 435 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."). The entrapment defense "is not of a constitutional dimension." *United States v. Russell,* 411 U.S. 423, 430–33, 93 S.Ct. 1637, 1642–43, 36 L.Ed.2d 366 (1973); *Hampton v. United States,* 425 U.S. 484, 489–91, 96 S.Ct. 1646, 1649–50, 48 L.Ed.2d 113 (1976); *Bueno v. Hallahan,* 988 F.2d 86, 88 (9th Cir.1993) (per curiam); *People of the Territory of Guam v. Teixeira,* 859 F.2d 120, 122 (9th Cir.1988). Therefore, an alleged misapplication of law relating to entrapment does not raise a cogni-

zable federal constitutional claim. *Benson v. Carter,* 396 F.2d 319, 322 (9th Cir.1968), *cert. denied,* 393 U.S. 1080, 89 S.Ct. 852, 21 L.Ed.2d 773 (1969); *Sosa v. Jones,* 389 F.3d 644, 648–49 (6th Cir.2004), *cert. denied,* — U.S. ——, 126 S.Ct. 223, 163 L.Ed.2d 186 (2005); *Eaglin v. Welborn,* 57 F.3d 496, 501 (7th Cir.) (en banc), *cert. denied,* 516 U.S. 965, 116 S.Ct. 421, 133 L.Ed.2d 338 (1995).

8. Grounds Three and Four are addressed together because "outrageous official misconduct" and "fundamental fairness" are essentially the same claim. *See United States v. Fernandez,* 388 F.3d 1199, 1238 (9th Cir. 2004) ("The [claim] of outrageous government conduct is limited to extreme cases in which the government's conduct violates fundamental fairness and is shocking to the universal sense of justice....") (quoting *United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir.), *cert. denied sub nom. Leon v. United States,* 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003)).

also *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209–210, 96 L.Ed. 183 (1952) (holding forcible extraction of the contents of defendant's stomach shocks the conscience and violates due process).

Neither situation applied here, as the California Court of Appeal found:

> [Here] **there was no outrageous misconduct by either the police or the district attorney's office.** [Petitioner] was transported to the Los Angeles County jail system so that he could participate in the proceedings on the sexually violent predator petition. **There was no evidence that the female personnel in the jail encouraged or invited [petitioner's] conduct.** Like the defendant in [*People v.] Wesley* [, 224 Cal. App.3d 1130, 274 Cal.Rptr. 326 (1990) ], [petitioner] was predisposed to commit his crime. **We find no improper conduct repugnant to a sense of justice.** [¶] [Petitioner] also makes an ephemeral general fairness argument. The jurisprudence on fairness in this context has to do with entrapment or outrageous police conduct. [Petitioner] has conceded there was no entrapment, and we have found no misconduct. We question how the Constitution might be offended in this context if there is no outrageous conduct. The logical conclusion of [petitioner's] reasoning is that he should be allowed to continually violate laws prohibiting exposure and lewd conduct with impunity unless his criminal sexual predisposition is accommodated by isolating him from any female. The due process clause does not require such extreme measures by the state.

Lodgment no. 5 at 5 (emphasis added). The petitioner has not rebutted the factual findings by the California Court of Appeal, and they are presumed true. 28 U.S.C. § 2254(e)(1). Thus, there is no merit to Grounds Three and Four.

Accordingly, the California Supreme Court's denial of Grounds Three and Four is neither contrary to, nor an unreasonable application of, clearly established federal law, within the meaning of 28 U.S.C. § 2254(d)(1).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing the action with prejudice.

March 2, 2007.